UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BEAUTIFUL BROWS LLC** | ) | Case No. **18-66766**-JWC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BEAUTIFUL BROWS LLC | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | |
| | ) | NO. _____ |
| VS. | ) | |
| | ) | |
| FIRST DATA CORPORATION | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Beautiful Brows LLC (hereinafter referred to as "Debtor" or "Plaintiff"), and respectfully shows the Court as follows:

### PARTIES

1. The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, *et seq.* (the "Bankruptcy Code") on October 3, 2018 (the "Petition Date")

2. Defendant First Data Corporation (the "Defendant") is Delaware corporation who may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail through its registered agent as follows:

> First Data Corporation
> c/o Corporation Service Co., registered agent
> 40 Technology Pkwy South, Suite 300
> Norcross, GA 30092

## JURISDICTION AND VENUE

3. This complaint is an Adversary Proceeding in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 549, 550, and 551

4. This adversary proceeding arises in an relates to the case of In re Beautiful Brows, LLC, Chapter 7 Case No. 18-66766-JWC, pending in the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").

5. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## FACTS

7. Defendant processes credit and debit card transactions made by the Debtor's customers.

8. As of the Petition Date, Debtor was indebted to Defendant for certain cash advances taken on the Debtor's merchant accounts.

9. Since the Petition Date, Defendant has withheld funds from the Debtor's sales to pay for the Debtor's prepetition obligation to Defendant.

10. Since the Petition Date, Defendant has collected at least $20,237.46 in the form of adjustments which should have been deposited into the Debtor's bank account. A copy of the Debtor's monthly statements for October 2018 through January 2019 are attached hereto as an exhibit.

11. The Court has not authorized the payment of any prepetition obligations owed to Defendant.

## COUNT 1 – AVOIDANCE OF POST PETITION TRANSFER 11 U.S.C. § 549

12. Plaintiff hereby realleges and incorporates paragraphs 1-1 of his Complaint as if the same were set forth verbatim herein.

13. The amounts withheld from Debtor's sales by Defendant are a transfer of an interest in property of Debtor's estate.

14. Such transfers occurred after the Petition Date.

15. Such transfers were not authorized by the Bankruptcy Code or by this Court.

### COUNT 2 – RECOVERY OF THE AVOIDED TRANSFER 11 U.S.C. § 550(A)

16. Plaintiff hereby realleges and incorporates paragraphs 1-15 of his Complaint as if the same were set forth verbatim herein.

17. Defendant was the initial transferee of the Transfer and/or the entity for whose benefit the Transfer was made, or the immediate or mediate transferee of the initial transferee of the Transfer.

18. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the avoided Transfer or the value thereof from Defendant.

### COUNT 3 – PRESERVATION OF THE AVOIDED TRANSFER 11 U.S.C. § 551

19. Plaintiff hereby realleges and incorporates paragraphs 1-18 of his Complaint as if the same were set forth verbatim herein.

20. Pursuant to 11 U.S.C. § 551, the avoided Transfer should be preserved for the benefit of the Debtor's bankruptcy estate.

WHEREFORE, the Plaintiff prays that the Court:

(a) avoid the Transfer pursuant to 11 U.S.C. § 549(a);

(b) find Defendant liable for the Transfer pursuant to 11 U.S.C. § 550, and enter judgment against the Defendant and in favor of Plaintiff in an amount no less than the value of the Transfer; and

(c) grant Plaintiff such other and further relief as is just and proper.

Respectfully submitted

**JASON L. PETTIE, P.C.**

/s/ _____
Jason L. Pettie, Attorney for Debtor
Georgia Bar No. 574783
P.O. Box 17936
Atlanta, Georgia 30316
Phone: 404-638-5984